UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, ex rel.
HECTOR BALDERAS, ATTORNEY
GENERAL,

       Plaintiff,

    v.                                          CIV No. 14-0321 KG/KK

ITT EDUCATIONAL SERVICES, INC.,
d/b/a ITT TECHNICAL INSTITUTE,

       Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter comes before the Court on Plaintiff State of New Mexico's Motion to Remand and for Costs and Memorandum in Support (Motion to Remand), filed on April 17, 2014.  (Doc. 6).  On May 12, 2014, Defendant filed a Brief in Opposition to Plaintiff's Motion to Remand.  (Doc. 17).  On May 29, 2014, Plaintiff filed Reply in Support of the Motion to Remand.  (Doc. 20).  Having considered the foregoing briefing as well as controlling authority, I grant in part and deny in part the motion.

      *Background*

      This lawsuit originally was filed in the Second Judicial District Court, Bernalillo County, New Mexico, and includes claims for injunctive, declaratory, and equitable relief as well as damages.  (Doc. 6) at 2.  Plaintiff's Complaint contains 22 counts alleging various violations of New Mexico common law, the New Mexico Post-Secondary Educational Institution Act, and the New Mexico Unfair Practices Act ("UPA").  *Id.*

      On April 4, 2014, Defendant filed a Notice of Removal, (Doc. 1), contending this Court has federal-question jurisdiction over Counts 4 and 5 of Plaintiff's Complaint.  *Id*. at 3.  Defendant asserts that Plaintiff's "claimed right to relief under the [UPA] in Counts 4 and 5

necessarily depends on the resolution of a disputed and substantial question of federal law, namely whether ITT violated the federal Truth in Lending Act, 15 U.S.C. 1601, ("TILA")." *Id.*. at 3.  Defendant asserts further that an interpretation of TILA constitutes a disputed and substantial question of federal law.  (Doc. 17) at 1.  Defendant relies specifically on Plaintiff's factual allegations in paragraphs 73 and 74 of the Complaint.  Counts 4 and 5 do not, however, contain express TILA violations.  Paragraphs 73 and 74 allege,

> 73. The Cost Summary includes a Truth In Lending Act ("TILA") disclosure box, specifying the finance charge, APR, and total cost of the Temporary Credit.  The TILA indicates that the Temporary Credit carries no finance charge with an APR of 0%.

> 74. ITT provided numerous inaccurate TILA disclosures that failed to provide the actual total amount financed and the total of payments.

(Doc. 1-1) at 14.  There are no other references to TILA in the Complaint.

Plaintiff, on the other hand, asserts that the Complaint does not allege violations of TILA, does not arise under federal law, is not a cause of action created by federal law, and does not depend on the resolution of a disputed or substantial question of federal law.  *Id.* at 3.  Plaintiff asserts further that the legal standard requires a presumption against removal jurisdiction, especially "in a lawsuit brought by a public official on behalf of a state."  *Id.* at 7.  And finally, Plaintiff argues that allowing removal would not be consistent with Congressionally approved balance of federal and state judicial responsibilities.  *Id.* at 14.

*Federal Question Jurisdiction*

"[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc., v. Williams,* 482 U.S. 386, 392 (1987) (internal quotations omitted); *see also Louisville & Nashville R. Co. v. Mottley,*

2

211 U.S. 149, 152 (1908).  This rule also accounts for the strong policy favoring a plaintiff's right to bring suit in the forum of his or her choosing when making only state-law claims. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[T]he party who brings the suit is master to decide what the law he will rely upon.").

Plaintiff in this case has made only state-law claims.  Count 4 of the complaint alleges that Defendant engaged in unfair and deceptive trade practices in violation of NMSA 1978, §§ 57-12-2(D)(2)(14), and (15) of the New Mexico UPA. Count 5 also alleges unfair and deceptive business practices in violation of Section 57-12-2(D)(2)(14) of UPA.  Plaintiff makes no claim asserting a violation of TILA.  To the extent Plaintiff's complaint implicates TILA, it is only as factual allegations that, in part, could give rise to violations of the New Mexico UPA.  Indeed, disposition of this lawsuit can be achieved without having to determine whether there was a violation of TILA, and the state law claims could be resolved regardless of whether there was a TILA violation. The TILA issue presented is factual, e.g., whether the TILA box was checked properly.  This question does not require interpretation or application of TILA. The checkbox was either properly checked according to the TILA standards or it was not.  In either event, arguably, there could be a violation of the New Mexico UPA independent of a finding that either the TILA checkbox was or was not properly checked off.  This demonstrates that the TILA issue is not direct or central to the case and weighs heavily in favor of rejecting Federal jurisdiction.

*Attorney's Fees*

A court may award attorney's fees where the court, pursuant to 28 U.S.C. § 1447(c), remands a matter to state court and finds the removing party lacked an objectively reasonable basis for seeking removal.  *See, e.g.*, *Porter v. Rural Water Sewer & Solid Waste Mgt Dist. No. 1*, 607 F.3d 1251, 1255 (10th Cir. 2010) (affirming district court order awarding attorney's fees to plaintiffs based on objectively unreasonable removal).  "The standard for awarding fees should

turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 1253 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (internal quotations omitted).  After having reviewed the Notice of Removal, (Doc. 1), the Complaint, (Doc. 1-1), and the corresponding briefing on the question of whether to remand, (Docs. 6, 17, & 20), I find the removal was not objectively unreasonable.  As a result, attorney's fees are denied.

*Conclusion*

For these reasons included, I have determined this Court lacks subject matter jurisdiction in this lawsuit and remand it to the Second Judicial District Court, Bernalillo County, New Mexico.  In addition, I deny the request for attorney's fees and costs.

Accordingly, Plaintiff's Motion to Remand (Doc. 6) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE